87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Santana Samuel GONZALEZ-CASILLAS, Defendant-Appellant.
 No. 95-30268.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Santana Samuel Gonzalez-Casillas appeals his conviction following the entry of his conditional guilty plea to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and illegal re-entry subsequent to an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). Gonzalez-Casillas contends that the district court erred by denying his suppression motion because the police detective's affidavit did not establish probable cause to search his apartment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 Background
 
 3
 On April 20, 1994, Detective Roy Skinner requested a warrant to search apartment number 106 located at 100 North Pacific Highway, in Talent, Oregon. Detective Skinner supported his request for a search warrant with an oral affidavit submitted to an Oregon district court judge. Detective Skinner's oral affidavit stated that Vanessa Davis shared a residence at 913 Murphy Road with Tina Livingston, a known dealer of methamphetamine. He further stated that during a monitored telephone conversation between Vanessa Davis and Lonnie Stevenson, whom officers had arrested for possession and delivery of methamphetamine, Vanessa Davis told Stevenson that she would sell Stevenson two ounces of methamphetamine and that "Mexicans would have to go and get the methamphetamine." Detective Skinner explained that following this monitored conversation, he observed two Hispanic men leave Vanessa Davis's residence, drive to Apartment 106, and enter this apartment. Detective Skinner then followed the Hispanic men as they left the apartment, picked up Davis and Livingston, and met Stevenson to consummate the methamphetamine sale. Detective Skinner stated in his affidavit that police officers found two ounces of methamphetamine on Vanessa Davis and arrested Davis and Livingston. However, a consent search of the Murphy Road residence did not yield evidence of any illegal contraband. Detective Skinner explained that he immediately drove to the 100 N. Pacific Highway apartment building and was told by the apartment manager that she suspected drug activity in Apartment 106 due to the frequency of traffic going in and out of the apartment at various hours. Detective Skinner's affidavit stated that the manager informed him that the apartment's occupant, Norma Stimson, had said that her daughter had been involved in drug activity but that she had kicked her daughter out of the apartment. The manager told Detective Skinner that the frequency of traffic in Apartment 106 had not decreased. Detective Skinner applied for a search warrant less than one hour after the consent search of Vanessa Davis's residence.
 
 
 4
 The Oregon district court judge issued a search warrant based upon the facts contained in Detective Skinner's affidavit. A search of Apartment 106 led to the discovery of ten ounces of methamphetamine, three loaded firearms, and $6,000.00. Law enforcement officers arrested Gonzalez-Casillas, who was at the apartment at the time of the search. The district court denied Gonzalez-Casillas' suppression motion and found that Detective Skinner's affidavit contained probable cause to support the issuance of the search warrant. Additionally, the district court found that even if there had not been probable cause, the good faith exception applied because it was objectively reasonable for the officers to assume that they were executing a facially valid warrant.
 
 Probable Cause
 
 5
 Gonzalez-Casillas contends that Detective Skinner's affidavit did not establish probable cause to search the premises and, therefore, the district court erred by denying his suppression motion. This contention is without merit.
 
 
 6
 We review de novo a trial court's determination of the existence of probable cause. Ornelas v. United States, No. 95-5257, 1996 WL 276414, at * 6 (U.S. May 28, 1996). "Probable cause to search is evaluated in light of the totality of the circumstances and is found to exist if there is a fair probability that contraband or other evidence of a crime will be found in a particular place." United States v. Arias, 923 F.2d 1387, 1389 (9th Cir.) (quoting Illinois v. Gates, 462 U.S. 213, 238-39 (1983)), cert. denied, 502 U.S. 840 and 502 U.S. 876 (1991).
 
 
 7
 Here, under the totality of the circumstances, Detective Skinner's affidavit provided probable cause for the issuance of a search warrant. The facts contained in Detective Skinner's affidavit established a fair probability that methamphetamine would be found in Apartment 106. See Arias, 923 F.2d at 1389. Therefore, the district court did not err by denying Gonzalez-Casillas' suppression motion. See Id.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find that Detective Skinner's affidavit provided probable cause to issue the search warrant, we need not address whether the good faith exception applied